UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHEAL DEONTRAY WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>JENNIFER BENAVIDEZ, et al.,<br><br>Defendants. | No. 2:23-cv-0905 KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court

each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

As discussed below, plaintiff may proceed on the excessive force claims against defendants Yang, Juerz, Regal, Ramos, Sypraseuth, and Johnson, or plaintiff may elect to file an amended complaint in an attempt to pursue the other related claims.

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Id.  However, "[s]pecific facts

are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

The Civil Rights Act

To prevail on a claim under § 1983, a plaintiff must demonstrate: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury. Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).

Plaintiff's Allegations

Plaintiff alleges the following. On October 18, 2022, while plaintiff was a psychiatric inpatient at California Medical Facility ("CMF"), defendants Yang, Juerz, Regal, Ramos, Sypraseuth, and Johnson entered plaintiff's cell for no legitimate penological reason, took plaintiff to the ground, handcuffed plaintiff, then laid plaintiff on the bed and repeatedly punched plaintiff in the head and body while plaintiff was handcuffed face down on the bed. Yang cut

3

plaintiff's left eye open with a knife. Sgt. Johnson helped the other officers beat plaintiff and did not command officers to stop. Lt. Denber allowed Sgt. Johnson and the officers to enter plaintiff's cell and beat plaintiff. Captain Romonowskire allowed Lt. Denber, Sgt. Johnson and the officers to conspire to attack plaintiff. Nurse B. Della refused plaintiff medical treatment. Jennifer Benavidez and Joseph Tuggle were wardens at CMF at the time of the assault. (ECF No. 1 at 5.) Plaintiff alleges excessive force in violation of the Eighth Amendment.

Plaintiff claims the October 18, 2022 attack was "planned [and] premeditated in retaliation of plaintiff being a homosexual transgender woman" who was previously sexually assaulted by CMF correctional officers Webb and Xzong on July 25, 2022, and officers Yang and Ortiz on October 14, 2022. Plaintiff told Yang that plaintiff was going to file a PREA grievance against Webb, Xzong, Yang and Ortiz. Yang, Ortiz and Webb threatened plaintiff that if you file a 602 grievance or tell anyone they would beat plaintiff up and kill plaintiff. (ECF No. 1 at 6.) Plaintiff was afraid to file grievances, but plaintiff filed them anyway. Yang and the officers entered plaintiff's cell in retaliation for plaintiff telling CDCR staff that plaintiff was filing PREA grievances, violating due process because there was no cause for officers to enter the cell or to beat plaintiff.

As a result of the beating, plaintiff suffered two black eyes, laceration to the left eye, busted nose and lips, five hematomas and contusions to the back of the head, and injuries to the left shoulder, back, hand and wrist, anxiety attacks, nightmares, and increased visual and auditory hallucinations. Plaintiff seeks money damages.

Discussion

The court reviewed plaintiff's complaint and, for the limited purposes of § 1915A screening, finds that it states a cognizable civil rights claim for excessive force in violation of the Eighth Amendment as to defendants Yang, Juerz, Regal, Ramos, Sypraseuth, and Johnson.[1]

---

[1] "In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment places restraints on prison officials, who may not . . . use excessive physical force against prisoners." Farmer v. Brennan, 511 U.S. 825, 832 (1994). "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is. . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). When determining whether the force was excessive, the court looks to the "extent of injury suffered by

For the reasons stated below, the court finds that the complaint does not state a cognizable Eighth Amendment claim against the remaining defendants, or state a cognizable retaliation claim against defendants. Such claims are dismissed with leave to amend.

<u>Remaining Eighth Amendment Claims</u>

Plaintiff names Benavidez and Tuggle as defendants based solely on their roles as wardens of CMF. As explained above, plaintiff cannot state a cognizable civil rights claim based solely on the defendant's supervisorial role. <u>Ashcroft</u>, 556 U.S. at 679. Rather, plaintiff must include specific facts as to each defendant's personal involvement in the alleged violations.

Plaintiff's allegations that defendants Denber and Romonowskire "allowed" other defendants to act are too vague and conclusory for the court to determine whether or not either defendant violated plaintiff's Eighth Amendment rights. Plaintiff includes no specific facts as to their presence on October 18, 2022, or how each defendant acted or failed to act that violated plaintiff's constitutional rights. There are no specific facts to demonstrate there was a meeting of the minds sufficient to support a conspiracy claim.

Similarly, plaintiff's claim that defendant Nurse Della refused plaintiff medical treatment is too vague and conclusory to state a cognizable civil rights claim for deliberate indifference to plaintiff's serious medical needs in violation of the Eighth Amendment.

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976)). Deliberate indifference may be shown by the denial, delay or intentional interference with medical treatment or by the way in which medical care is provided. <u>Hutchinson v. United States</u>, 838 F.2d 390, 394 (9th Cir. 1988). The two-part test for deliberate indifference requires plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further

---

an inmate. . . the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" <u>Hudson</u>, 503 U.S. at 7 (quoting <u>Whitley v. Albers</u>, 475 U.S. 312, 321 (1986)).

significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096. A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Negligence allegations are insufficient. Deliberate indifference "requires more than ordinary lack of due care." Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting Farmer, 511 U.S. at 835). The indifference to the prisoner's medical needs must be substantial -- negligence, inadvertence, or differences in medical judgment or opinion do not rise to the level of a constitutional violation. Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004) (negligence constituting medical malpractice is not sufficient to establish an Eighth Amendment violation).

### Plaintiff's Retaliation Claims[2]

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). A viable retaliation claim in the prison context has five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff initially claims that the October 18, 2022 attack was planned in retaliation for plaintiff being a homosexual transgender woman. Such allegation fails to state a cognizable retaliation claim because it identifies no conduct protected under the First Amendment.

---

[2] Plaintiff marked retaliation but claims a violation of plaintiff's Fourteenth Amendment right to due process. (ECF No. 1 at 6.) However, such due process claim is subsumed by the First Amendment and does not state a separate claim. See Albright v. Oliver, 510 U.S. 266, 273 (1994) ("Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing such a claim.") (internal quotes and citation omitted); see also Whitley v. Albers, 475 U.S. 312, 327(1986) (the Fourteenth Amendment affords a prisoner no greater protection than the Eighth Amendment).

Plaintiff also alleges that plaintiff informed defendant Yang that plaintiff was going to file a PREA grievance against officers Webb, Xzong, Ortiz and Yang, but it is unclear when plaintiff told Yang this information. Thus, the court is unable to determine a temporal connection with the October 2022 beating. Moreover, plaintiff also alleges that defendant Yang and the officers who beat plaintiff on October 18, 2022, entered plaintiff's cell in retaliation for plaintiff telling CDCR staff that plaintiff was filing PREA grievances. But again, there is no temporal connection or factual allegations to explain how or when defendants Juerz, Regal, Ramos, Sypraseuth, and Johnson learned plaintiff was going to file PREA grievances. While it appears plaintiff may be able to state a cognizable retaliation claim against defendant Yang based on plaintiff advising Yang that plaintiff would be filing a PREA grievance, provided plaintiff can allege facts demonstrating a temporal connection, plaintiff's allegations as to the remaining officers who entered plaintiff's cell on October 18, 2022, are too vague and conclusory for the court to determine whether plaintiff can state cognizable retaliation claims against them.

Plaintiff's Options

Plaintiff may proceed forthwith to serve defendants Yang, Juerz, Regal, Ramos, Sypraseuth, and Johnson and pursue the Eighth Amendment claims against only those defendants or plaintiff may delay serving any defendant and attempt to state a cognizable claim against the remaining defendants or allege facts supporting a retaliation claim.

If plaintiff elects to attempt to amend the complaint to state a cognizable claim against the remaining defendants or state a cognizable retaliation claim, plaintiff has thirty days in which to do so. Plaintiff is not obligated to amend the complaint.

If plaintiff elects to proceed forthwith against defendants Yang, Juerz, Regal, Ramos, Sypraseuth, and Johnson, against whom plaintiff stated a potentially cognizable Eighth Amendment claim for relief, then within thirty days plaintiff must so elect on the appended form. In this event the court will construe plaintiff's election as consent to dismissal of the remaining claims against the remaining defendants without prejudice.

////

////

If plaintiff opts to amend, plaintiff must clearly identify each defendant and the action that defendant took that violated plaintiff's constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in the complaint and give plaintiff an opportunity to cure them. See Lopez, 203 F.3d at 1130-31. While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. Id. at 1950.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220; See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading is superseded.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The allegations in the pleading are sufficient to state a cognizable claim against defendants Yang, Juerz, Regal, Ramos, Sypraseuth, and Johnson. See 28 U.S.C. § 1915A. If plaintiff chooses to proceed solely as to such Eighth Amendment claims, plaintiff shall so indicate on the attached form and return it to the court within thirty days from the date of this order. In this event, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing the defective Fourteenth Amendment claims without prejudice.

4. Plaintiff's remaining Eighth Amendment against defendants Benavidez, Tuggle, Denber, Romonowskire, and Della, and plaintiff's First Amendment claims are dismissed with leave to amend. Within thirty days of service of this order, plaintiff may amend the complaint to attempt to state cognizable claims. Plaintiff is not obliged to amend the complaint.

5. Failure to comply with this order will result in a recommendation that this action be dismissed.

////
////
////
////

6. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights complaint.

Dated: June 29, 2023

/cw/will0905.14o

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHEAL DEONTRAY WILLIAMS,<br><br>             Plaintiff,<br><br>      v.<br><br>JENNIFER BENAVIDEZ, et al.,<br><br>             Defendants. | No.  2:23-cv-0905 KJN P<br><br><br>NOTICE OF ELECTION |

Plaintiff elects to proceed as follows:

_____        Plaintiff opts to proceed with the Eighth Amendment claims against defendants Yang, Juerz, Regal, Ramos, Sypraseuth, and Johnson

_____        Plaintiff consents to dismissal of the remaining Eighth Amendment claims against defendants Benavidez, Tuggle, Denber, Romonowskire, and Della, and plaintiff's First Amendment claims

**OR**

\_\_\_\_\_        Plaintiff opts to file an amended complaint and delay service of process.

DATED:

_____
                          Plaintiff